**Paula K. JEFFRIES, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner, Social Security Administration, Defendant—Appellee.**

No. 06–15655.

United States Court of Appeals, Ninth Circuit.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Submitted Nov. 8, 2007.**

Filed Nov. 14, 2007.

Phillip B. Verrette, Esq., Tucson, AZ, for Plaintiff–Appellant.

Leo R. Montenegro, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

## MEMORANDUM ***

Paula Jeffries appeals the district court's order affirming an Administrative Law Judge's ("ALJ's") denial of her application for Social Security disability insurance benefits. Ms. Jeffries alleged that she was exposed to dangerous levels of formaldehyde and other chemicals, resulting in immunotoxicity syndrome, toxic encephalopathy, and Post Traumatic Stress Disorder.

We reversed the ALJ's first decision to deny Ms. Jeffries' application because of inconsistencies in the decision concerning the severity of Ms. Jeffries' respiratory condition. We observed that the ALJ had found that Ms. Jeffries is afflicted with a "severe" impairment, chemical sensitivity, that prevented her exposure to even moderate amounts of dust, fumes or odors, but also found that Ms. Jeffries was capable of performing past relevant work because it did not involve exposure to "excessive" amounts of environment pollutants. As a result of this apparent contradiction, we remanded with instructions that the ALJ reconsider his findings, and suggested that the determination of Ms. Jeffries' case may be aided by additional evidence, including the opinion of a vocational expert. On remand, the ALJ conducted an additional hearing at which a vocational expert and medical expert testified. Following the hearing, the ALJ denied Ms. Jeffries' application for disability benefits.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In the second decision, the ALJ again found that Ms. Jeffries' condition prevented "exposure to fumes, dusts, odors, gases, and poor ventilation" without qualification, and subsequently concluded that Ms. Jeffries could return to work because her previous employment as a media technician did not involve exposure to "excessive dusts or odors." Because of this inconsistent finding, substantial evidence does not support the ALJ's denial of benefits. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.2001). Accordingly, we reverse the judgment of the district court and remand with instructions that the district court remand the case to the agency with the instruction that a different ALJ consider Ms. Jeffries' application.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**